UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-2009

**NOT FOR PUBLICATION**

July 10, 2017

**LETTER OPINION**

**VIA CM/ECF**
All counsel of record

Re: *Sanofi-Aventis U.S. LLC v. Novo Nordisk Inc.*
Civil Action No. 16-9466 (MAS) (DEA)

Dear Counsel:

This matter comes before the Court on Defendant Novo Nordisk Inc.'s ("Defendant") Motion to Dismiss Count Three of Plaintiff Sanofi-Aventis U.S. LLC's ("Plaintiff") Complaint. (ECF No. 27.) Plaintiff filed opposition (ECF No. 33), and Defendant filed a reply (ECF No. 34). The Court has reviewed the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. After careful consideration of the submissions, Defendant's Motion to Dismiss Count Three of the Complaint is GRANTED.

Count Three alleges a violation of the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. 56:8-1, *et seq.*, stating that "Defendant's commercial advertising claims are causing immediate and irreparable competitive and commercial injury to [Plaintiff], to its goodwill and reputation." (Compl. ¶ 52, ECF No. 1.) In other words, Plaintiff alleges that Defendant is a competitor that has engaged in improper practices that are causing harm to Plaintiff. (*Id.* ¶¶ 1-2, 48-55.) Accordingly, Defendant seeks dismissal of Count Three by asserting that competitors lack standing to bring suit under the NJCFA. (Def.'s Moving Br. 4-5, ECF No. 28.)

As recognized by both parties, the Court recently addressed this precise issue in *Interlink Products International, Inc. v. F&W Trading LLC*, No. 15-1340, 2016 WL 1260713 (D.N.J. Mar. 31, 2016). (*See* Def.'s Moving Br. 4-5; Pl.'s Opp'n Br. 3, ECF No. 33). Plaintiff argues that the Court should "reconsider [its] reasoning [in the *Interlink* case]." (Pl.'s Opp'n Br. 3.) Plaintiff does not identify any New Jersey state court, District of New Jersey, or Third Circuit decisions issued after *Interlink* that support Plaintiff's position. Upon review of the parties' submissions, the Court adopts its reasoning in *Interlink*, for the purposes of deciding the instant Motion, that "the NJCFA is not intended to protect competitors . . . that do not suffer a consumer-like injury." *Interlink*, 2016 WL 1260713, at *9 (quoting *Church & Dwight Co. v. SPD Swiss Precision Diagnostics, GmBH*, No. 10-453, 2010 WL 5239238, at *10 (D.N.J. Dec. 16, 2010)). As Plaintiff is a competitor, and does not allege a consumer-like injury, the Court dismisses Count Three of the Complaint.

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss Count Three of the Complaint.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**