Peter M. Brody (*pro hac vice*)
Ropes & Gray LLP
2099 Pennsylvania Avenue, NW
Washington, DC 20006-6807
(202) 508-4600
peter.brody@ropesgray.com

Evan Gourvitz (*pro hac vice*)
Cassandra B. Roth
Jolene L. Wang (*pro hac vice*)
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036
(212) 596-9000
evan.gourvitz@ropesgray.com
cassandra.roth@ropesgray.com
jolene.wang@ropesgray.com

*Attorneys for Plaintiff Sanofi-Aventis U.S. LLC*

Robert J. Lack
Ricardo Solano Jr.
Friedman Kaplan Seiler & Adelman LLP
1 Gateway Center
Newark, NJ 07102-5311
(973) 877-6400
rlack@fklaw.com
rsolano@fklaw.com

David B. Tulchin (*pro hac vice*)
Marc De Leeuw
Jennifer H. Blecher (*pro hac vice* pending)
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004-2498
(212) 558-4000
tulchind@sullcrom.com
deleeuwm@sullcrom.com
blecherj@sullcrom.com

*Attorneys for Defendant Novo Nordisk Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

SANOFI-AVENTIS U.S. LLC,

                Plaintiff,

v.

NOVO NORDISK INC.,

                Defendant.

No. 3:16-cv-09466-MAS-DEA

**ORDER**

On August 15, 2018, pursuant to Local Civil Rule 5.3(c), plaintiff Sanofi-Aventis U.S. LLC ("Sanofi US") and defendant Novo Nordisk Inc. ("Novo Nordisk") (collectively, the "Parties"), by and through their undersigned counsel, filed a Joint Motion to Seal certain portions of the Parties' July 31, 2018 joint letter to the Court and attachments thereto. Exhibit 1 to the

August 15, 2018 Declaration of Michelle Sullivan and Exhibit 1 to the August 15, 2018 Declaration of Chloe Jiang list the requested redactions.

The Court having considered the papers submitted by the parties in support of this Motion, including the Declaration of Michelle Sullivan ("Sullivan Decl.") and the Declaration of Chloe Jiang ("Jiang Decl."); and the Court having further found that the factors listed in Local Civil Rule 5.3(c) support the sealing of the Confidential Material; the Court hereby enters the following Findings of Fact, Conclusions of Law, and Order.

## I. FINDINGS OF FACT

1. Local Civil Rule 5.3(c)(6) states that "[a]ny order or opinion on any motion to seal or otherwise restrict public access shall include findings on the factors set forth in (c)(3) above as well as other findings required by law." Rule 5.3(c)(3) lists the following factors:

   (a) the nature of the materials or proceedings at issue;

   (b) the legitimate private or public interest which warrants the relief sought;

   (c) the clearly defined and serious injury that would result if the relief sought is not granted;

   (d) why a less restrictive alternative to the relief sought is not available;

   (e) any prior order sealing the same materials in the pending action; and

   (f) the identity of any party or nonparty known to be objecting to the sealing request.

### A. The Nature of the Materials and Proceedings at Issue

2. This is a false advertising suit between two private commercial parties.

3. Through discovery in this case, the parties have produced and will produce confidential information, the public disclosure of which would affect legitimate business interests.

4. The parties have agreed to maintain the confidentiality of any materials produced in this action in accordance with the Discovery Confidentiality Order ("DCO") entered by this Court on June 6, 2017. (ECF No. 39.)

5. The DCO acknowledges that the parties will exchange documents that contain confidential information, and it strictly limits access to such documents when they have been designated as "Confidential" or "Highly Confidential" by one of the parties. (*Id.* ¶¶ 3-6.) The DCO further provides that a party wishing to file with this Court material designated as "Confidential" or "Highly Confidential" must move pursuant to Local Civil Rule 5.3(c) for leave to file the submission under seal. (*Id.* ¶ 14.)

6. Accordingly, pursuant to the DCO and Local Civil Rule 5.3(c), the Parties have jointly moved to seal the confidential and highly confidential information in the July 31 letter (the "Confidential Material"). The Confidential Material relates to confidential information concerning the Parties' business practices and strategies, as well as private, sensitive, health-related information of an individual. (Sullivan Decl., Ex. 1; Jiang Decl., Ex. 1.)

7. Counsel for Sanofi US and Novo Nordisk have submitted declarations on personal knowledge stating that each Party has an interest in maintaining in confidence the Confidential Material it has designated. (Sullivan Decl.; Jiang Decl.)

8. Based on these declarations, the Court finds that the parties' business strategies depend on the fact that such materials are confidential. (Sullivan Decl. ¶¶ 4-9; Jiang Decl. ¶¶ 8-9.) The Court also finds that sensitive, health-related information should remain confidential. (Sullivan Decl. ¶¶ 5-9.)

### B. The Legitimate Private and Public Interests Which Warrant the Relief Sought

9. The Confidential Material contains or references Sanofi US's and Novo Nordisk's proprietary, sensitive business and personal information, including but not limited to the following:

- information related to Sanofi US's contracting practices and business strategy;
- personal health-related information of an individual; and
- information related to Novo Nordisk's relationship with a contractual counterparty.

(Sullivan Decl. ¶¶ 2, 4-8; Exhibit 1 to Sullivan Decl.; Jiang Decl. ¶¶ 8-9; Exhibit 1 to Jiang Decl.)

10. The Parties consider the information contained in the Confidential Material to be proprietary and sensitive, and neither ordinarily disseminates this information to the public. (Sullivan Decl. ¶¶ 4-9; Jiang Decl. ¶ 7.)

11. The DCO entered in this matter provides for the confidential treatment of this type of proprietary information. (DCO ¶¶ 3-4.)

12. The Parties have a legitimate interest in maintaining the confidentiality of their commercial strategies and considerations and health-related personal information.

13. There is also a substantial public interest in ensuring that private litigants may bring advertising disputes before a court without unnecessary public disclosure of their advertising and marketing strategies and considerations.

### C. The Clearly Defined and Serious Injury That Would Result If the Relief Sought Is Not Granted

14. Once confidential information is disclosed to the public, it can never again be effectively sealed or maintained as private.

4

15. If the Confidential Material were disclosed, information which was not intended to be seen by competitors would be available for review and potential use against the Parties. Current or future competitors in the highly competitive pharmaceutical industry would have access to the information. Each Party's competitors could and likely would use information in the Confidential Material to improperly improve their market positions. For instance, knowledge concerning Novo Nordisk's relationship with a counterparty could permit a competitor, among other things, to use this information in connection with its own contracting processes. Similarly, knowledge of Sanofi US's contracting strategy could permit competitors to design tactics to counter that strategy. Furthermore, personal, health-related information is recognized as sensitive information, the disclosure of which should be approached with caution to avoid serious injury. Local Civ. Rule. 5.2(17).

16. Additionally, each Party has a legitimate interest in ensuring that its confidential and proprietary non-public information is disclosed only in accordance with the DCO. (*See* DCO ¶¶ 6-7.) If the Confidential Material is not sealed, then each party could review materials that the other party had designated as "Confidential" or "Highly Confidential," frustrating the objectives of the DCO.

D. **Why a Less Restrictive Alternative to the Relief Sought Is Not Available**

17. There is no less restrictive alternative to the sealing of the Confidential Material. The Parties' request to seal the Confidential Material is narrowly tailored to the specific confidential and proprietary information identified in the index attached as Exhibit 1 to the Declaration of Michelle Sullivan and the index attached as Exhibit 1 to the Declaration of Chloe Jiang.

18. Where only certain passages of a document are confidential, the Parties have already publicly filed redacted versions of those documents. All redactions requested herein by the Parties are necessary to protect the Parties' legitimate interests.

### E. The Identity of Any Party or Nonparty Known To Be Objecting to the Sealing Request

19. The Parties consent to sealing all of the Confidential Material, and neither Party knows of any party or nonparty that objects to the present Motion.

## II. CONCLUSIONS OF LAW

1. In civil cases, the public holds "a common law public right of access to judicial proceedings and records." *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988)).

2. As an exception to this general principle, a court may seal materials containing "trade secret[s] or other confidential research, development, or commercial information[,]" upon motion by a party, to prevent harm to a litigant's competitive standing in the marketplace. Fed. R. Civ. P. 26(c)(1)(G); *see Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991); *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F. Supp. 866, 889-91 (E.D. Pa. 1981); *see also Littlejohn*, 851 F.2d at 678 ("Despite the presumption [of public access], courts may deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing.") (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)); *Harris v. Nielsen*, No. CIV.09-2982RBK/AMD, 2010 WL 2521434, at *4 (D.N.J. June 15, 2010) (granting motion to seal in part due to finding "disclosure of Plaintiff's medical history . . . to be a clearly defined serious injury sufficient to support the sealing of the documents.").

3. For example, a court in this District held in *In re Gabapentin Patent Litigation* that "[a] well-settled exception to the right of access is the protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm." 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (internal quotation marks omitted). Thus, "[t]he presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure." *Id.* (citations omitted).

4. The party seeking to seal any part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." *Miller* v. *Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc.* v. *Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)). The court has discretion to balance the factors for and against access to court documents. *See Pansy* v. *Borough of Stroudsburg*, 23 F.3d 772, 781 (3d Cir. 1994).

5. To meet this burden in this District, Local Civil Rule 5.3(c) requires the movant(s) on a motion to seal to show: (1) the nature of the materials or proceedings at issue; (2) the legitimate private or public interest which warrants the relief sought; (3) the clearly defined and serious injury that would result if the relief sought is not granted; and (4) why a less restrictive alternative to the relief sought is not available.

### A. The Nature of the Materials and Proceedings at Issue

6. Because this motion is brought in the context of a private false advertising dispute, in which the Parties have produced and will continue to produce many sensitive and confidential business documents, Findings of Fact ¶¶ 2-5, the Parties' joint efforts to protect the confidential business and personal information therein will promote the just and efficient resolution of this action. Sealing the Confidential Material promotes that purpose.

### B. The Legitimate Private or Public Interest Which Warrants the Relief Sought

7. Permitting public access to the Confidential Material would disclose the Parties' competitively sensitive business information—information which is properly regarded as highly proprietary and not disseminated to the public. Permitting public access to the Confidential Material would further disclose private, sensitive, health-related information to the public. The Parties have a legitimate interest in maintaining the confidential nature of this information. Findings of Fact ¶¶ 9-13.

### C. The Clearly Defined and Serious Injury That Would Result If the Relief Sought Is Not Granted

8. The risk of disclosure of a party's interest in confidential commercial information, such as a trade secret, can pose a sufficient threat of irreparable harm. *See Publicker*, 733 F.2d at 1071; *see also Vista India, Inc.* v. *Raaga*, LLC, No. 07-1262, 2008 WL 834399, at *3-4 (D.N.J. Mar. 27, 2008); *Harris*, 2010 WL 2521434 at *4.

9. In this case, if the Confidential Material were disclosed, that information could be used unfairly by competitors in the pharmaceutical industry, causing serious injury. Findings of Fact ¶¶ 14-16.

### D. Why a Less Restrictive Alternative to the Relief Sought Is Not Available

10. The Parties have narrowly tailored their request to maximize public access to all non-confidential information contained in this document, redacting only information that is legitimately confidential. Findings of Fact ¶¶ 17-18. Accordingly, there is no less restrictive alternative to sealing the Confidential Material.

### E. The Identity of Any Party or Nonparty Known To Be Objecting to the Sealing Request

11. The Parties consent to sealing all of the Confidential Material, and no party or nonparty is known to object to the present Motion. Findings of Fact ¶ 20.

## III. ORDER

THEREFORE, for the reasons articulated in these Findings of Fact and Conclusions of Law, IT IS ORDERED that the Parties' Joint Motion to Seal is hereby granted and the Confidential Material shall be sealed in the manner requested in Exhibit 1 to the Declaration of Michelle Sullivan and Exhibit 1 to the Declaration of Chloe Jiang.

SO ORDERED: _____
Douglas E. Arpert, U.S.M.J.

\* TERMINATES ECF No. 84.